UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Otto Archive LLC,

                Plaintiff,

-against-

Decorilla Inc., et al.,

                Defendants.



1:23-cv-10618 (GHW) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is an Amended Motion to Seal two documents submitted in support of a now-withdrawn motion for summary judgment filed by Defendant Decorilla Inc. ("Defendant"). (Def.'s Am. Mot. to Seal, ECF No. 45, at 1; *see also* Def.'s 9/16/24 Notice of Withdrawal, ECF No. 50; 9/16/24 Order, ECF No. 51.) For the reasons set forth below, Defendant's motion is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

In the pending motion, Defendant requests the Court to replace the documents filed at ECF No. 40-1 and ECF No. 40-2 (the "Subject Documents") with the documents filed in connection with the Motion to Seal at ECF No. 45-1 and ECF No. 45-2, such that the Subject Documents would be filed under seal in their entirety without redactions.[1] (Def.'s Am. Mot. to Seal at 1.) As the sole basis for the Subject Documents to be filed under seal, Defendant states that "Plaintiff has

---

[1] On September 7, 2024, the Court denied as moot Defendant's motion to seal the same documents because the Subject Documents had been publicly filed. (9/7/24 Order, ECF No. 43.) Thereafter, the court-facing docket reflects that, on September 9, 2024, Defendant's counsel requested the Clerk of Court to place the Subject Documents under seal, the documents were placed under seal by the Clerk of Court and Defendant's counsel was advised to make a proper application for sealing to the Court. On September 10, 2024, Defendant filed the amended motion to seal that now is before the Court.

requested that these documents be filed under seal," while noting that Defendant "does not request that any documents be filed under seal." (*Id*.)

## LEGAL STANDARDS

Whether a document should be sealed is assessed under the framework of the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), and its progeny. *Lugosch* requires the Court to first determine whether a filing is a "judicial document;" second, the weight of the presumption of the public's access afforded to the document; and third, the weight of any factors that "legitimately counsel" against public access. *Id.*; *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

As noted above, the first question is whether the document is "a judicial document subject to the [presumed] right of public access." *Lugosch*, 435 F.3d at 119. If the document is not a judicial document, no right attaches, and the document should remain under seal. *See id.* The "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also Mirlis*, 952 F.3d at 59 ("Not all documents filed with the court are 'judicial' documents."). Instead, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (citation omitted). A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (cleaned up).

A determination of whether a record is a judicial document turns on the nature of court authority invoked by the parties. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (cleaned up) ("In determining whether a document is a judicial record, we evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the . . . court."). For example, motions submitted to the court "at least on their face, call upon the court to exercise its Article III powers." *Brown*, 929 F.3d at 50. "Summary judgment filings should not remain under seal 'absent the most compelling reason' or 'absent exceptional circumstances' because the act of formal adjudication should be subject to public scrutiny." *Rojas v. Triborough Bridge & Tunnel Auth.*, No. 18-CV-01433 (PKC), 2022 WL 773309, at *1 (S.D.N.Y. Mar. 14, 2022) (quoting *Lugosch*, 435 F.3d at 121); *see also In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 85 (2d Cir. 2023) (citations omitted) ("motions for summary judgment are ordinarily judicial documents" and "[t]he fact that the district court did not reach the merits of [p]laintiff's motion does not change the analysis.").

Because the Second Circuit's definition of "judicial document" is expansive, judicial documents do not "lose that status if the motion to which they pertain is withdrawn before any ruling is issued." *Giurcia v. Montefiore Health Sys. Inc.*, No. 18-CV-11505 (ER) (BCM), 2021 WL 2739061, at *3 (S.D.N.Y. July 1, 2021)." The "test focuses not on whether the document was actually used by the court but, rather, on the role the document was intended to play in the exercise of the court's Article III duties." *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006). In answering this question, the Court must assess the weight accorded to the presumption of public access. *J.L. v. New York City Dep't of Educ.*, No. 17-CV-07150 (PAC) (KHP), 2024 WL

291218, at *2 (S.D.N.Y. Jan. 25, 2024) (granting motion to seal on withdrawn motion when counsel supplied narrowly tailored redactions). Nevertheless, if the Court never reaches the merits of a motion for summary judgment, even though documents submitted with the motion are "'judicial documents,' the presumption of public access is weaker" because "[t]he confidential documents . . . had no role in the exercise of Article III judicial power." *In re IBM Arb. Agreement Litig.*, 76 F.4th at 85.

Even if sealing is appropriate, the information to be sealed must be narrowly tailored. *Lugosch*, 435 F.3d at 120. This requires "specific, on the record filings [that] are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* A "party moving to place documents under seal 'bears the burden of showing that higher values overcome the presumption of public access.'" *Kewazinga Corp. v. Google LLC*, No. 20-CV-01106 (LGS), 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017)); *see also Samsung Elec. Co., Ltd. v. Microchip Tech. Inc.*, --F. Supp. 3d --, No. 24-MC-00269 (GHW) (SDA), 2024 WL 4169353, at *2 (S.D.N.Y. Sept. 12, 2024) (same).

## ANALYSIS

The Court finds that the Subject Documents are "judicial documents" under Second Circuit precedent. "The character of the documents at the time of filing is what matters when determining if the documents are judicial documents; a document is a judicial document from the moment of filing—when a party asks the Court to rely on the document when ruling." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-06379 (LJL), 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022); *see also Lugosch*, 435 F.3d at 120-21 ("[a]s a matter of law, . . . by virtue of having been

4

submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents under the common law"). Likewise, "their character as judicial documents does not change with subsequent developments." *Id.* Here, the Subject Documents consist of (1) ECF No. 40-1, which is Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, and (2) ECF No. 40-2, which is Defendant's Rule 56.1 Statement of Undisputed Facts. Both documents were submitted in support of Defendant's motion for summary judgment. The fact that Defendant withdrew its motion for summary judgment without prejudice (Def.'s 9/16/24 Notice of Withdrawal; 9/16/24 Order) does not alter this proposition. *See Lohnn*, 2022 WL 3359737, at *3 ("That the case later settled and the motion was never adjudicated does not change the fact that the declarations and exhibits are judicial documents.").

Next, the Court must determine the public's presumptive weight to access the Subject Documents having determined they are judicial documents. The Court finds that such weight is low, since Defendant withdrew its motion for summary judgment, rendering it effectively moot. *See In re IBM Arb. Agreement Litig.*, 76 F.4th at 85.

Finally, the Court must balance the lower presumption of access against any countervailing "higher values." However, neither Defendant (nor Plaintiff on whose behalf Defendant sought sealing) supply the Court with any explanation as to why the Subject Documents should be placed in their entirety under seal. Nor has either party proposed any narrowly tailored redactions for the Court to consider.

Accordingly, the Court hereby denies, the Amended Motion to Seal without prejudice to the parties providing a rationale for the Subject Documents to be filed in whole or in part under seal.

## CONCLUSION

For the foregoing reasons, the Amended Motion to Seal is DENIED WITHOUT PREJUDICE. No later than Friday, September 27, 2024, the parties may confer and file a second amended joint letter motion to seal the Subject Documents in whole or in part. The parties may wish to consult Section III.E of the undersigned's Individual Practices entitled "Redactions and Filing Under Seal" for more information. If a second amended motion is not filed by September 27, 2024, the Subject Documents shall be unsealed by the Clerk of Court.

**SO ORDERED.**

Dated:   New York, New York
         September 17, 2024

_____
STEWART D. AARON
United States Magistrate Judge