

Attorneys admitted in
California, New York,
Texas, Colorado, and
Illinois

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

November 7, 2024

**DELIVERED VIA ECF**
The Honorable Steward D. Aaron
Daniel Patrick Moynihan
United States District Court
500 Pearl Street, Courtroom 11C
New York, NY 10007-1312

                                 Case Title:         *Otto Archive LLC v. Decorilla Inc.; et al.*
                                                               1:23-cv-10618-GHW-SDA
                                 Re:                **Letter Request for Determination on Dispute**

Your Honor,

       This office represents Plaintiff, Otto Archive LLC, in the above referenced action. We write jointly with Defendant, Decorilla, Inc., to request a determination of Your Honor as to the meaning of "all claims" as set forth by Your Honor in your agreed upon settlement proposal in this matter. The parties have each agreed to abide by Your Honor's determination.

       Specifically, the parties have not agreed on the meaning of "all claims" from the summary of the agreement made at the settlement conference: "Defendant Decorilla Inc. shall pay to Plaintiff Otto Archive, LLC the sum of $50,001.00 in full and final settlement of **all claims**, inclusive of costs and attorneys' fees, as follows…" The parties agreed to ask for your finding on that meaning and to be bound by that finding with no right of appeal.

       The Plaintiff's position is that "all claims" means all claims that Plaintiff has made in this litigation (including claims that are not presently part of the complaint), which Plaintiff is also willing to represent and warrant to be all claims Plaintiff is aware of. In other words, the settlement is to include a specific release of all known claims. Defendant asks that the settlement in this case should include a release of any and all hypothetical claims that Plaintiff could ever have brought as of the effective date, regardless of whether such claims are known or unknown, or involve the artworks or artists at issue in this suit. This is particularly troubling to Plaintiff as Plaintiff represents many more artists and artworks than are at issue in this case and Defendant now asks for a general release against all of those artists and works where they have never previously been invoked or referred to in this action.

            Defendant Decorilla Inc.'s Position/Argument
       The language at issue, prepared by Judge Aaron, which the parties accepted is: "Defendant Decorilla Inc. shall pay to Plaintiff Otto Archive, LLC the sum of $50,001.00 in full and final settlement of all claims, inclusive of costs and attorneys' fees, as follows…"

Decorilla's proposed release language takes the accepted term and restates it in the Release section of the Settlement Agreement as follows:

> In exchange for, and expressly conditioned upon timely clearance of the Payment, Otto Archive *in full and final settlement of all claims*, hereby forever releases and discharges Decorilla from *all claims* based on acts or omissions occurring on or before the date of the full execution of this Settlement Agreement. Decorilla similarly releases Otto Archive from all related claims.

(Emphasis added)

Decorilla is asking Otto to release "all claims" (nothing more) just like in the accepted proposal.

The term "based on acts or omissions occurring on or before the date of the full execution of this Settlement Agreement" just makes it clear that Otto is not releasing any claims for acts after the execution of the Settlement Agreement.

After the parties agreed at the mediation to the accepted proposal using "in full final settlement of all claims," Plaintiff is trying to unilaterally add the word "known" to make the term: "in full final settlement of all **known** claims." That was not requested at the mediation.

Note also, as requested by Otto, Decorilla also "similarly releases Otto Archive From all related claims." That is true even though Decorilla has made no claims against Otto, meaning Decorilla is releasing any unknown claims- just like Otto.

Decorilla has concerns that require a release of all claims in the settlement of this case. A technology entity which works with Otto is persistently using software to scan Decorilla's website, including for images no longer publicly accessible, which could lead to ongoing legal claims. Otto and the technology entity may continue to search Decorilla's website for grounds to bring additional claims, even on removed content. While Decorilla is committed to complying with copyright law, and have now strongly enforced robust DMCA procedures and responding promptly to any issues, Decorilla is concerned that Otto and the technology entity prioritizes litigation over resolution.

During the settlement conference, one of the reasons Decorilla insisted on a release of "all claims" is an experience with the Doniger firm. Decorilla settled out of court before a complaint was filed with a client of Doniger law firm on an unrelated case involving a different photographer. Shortly after reaching a settlement on that case via email, Otto represented by Doniger filed a new lawsuit regarding Otto's images without any prior communication, despite previously engaging with Decorilla. Otto was initially represented by another lawyer, who, after reviewing the facts and financials, declined to pursue the matter; Decorilla had removed the images promptly upon learning of them. By the time Doniger filed the lawsuit, Otto images that Decorilla learned of were already removed. It did not appear that Doniger was initially aware of this prior outreach by Otto's former attorney

Decorilla needs this litigation to end; and without a complete release of all claims as of the date of the settlement agreement Decorilla has no interest at all in paying $50k. It would be a crazy move to pay $50K but

then leave it open for Otto to sue for other claims. With the automatic scans, Otto has the ability to know if there are photos that now allegedly are being infringed. Decorilla settled based on stopping attorneys' fees. Just an allegation by Otto, no matter how weak, damages Decorilla in a way that Decorilla financially cannot afford. As such, Otto cannot argue with credibility that Decorilla agreed to pay $50k without a release of all claims.

       In light of the foregoing, the parties respectfully request a determination of Your Honor as to the meaning of "all claims" as set forth by Your Honor in your agreed upon settlement proposal in this matter. The parties have each agreed to abide by Your Honor's determination. We thank Your Honor for your attention to this matter.

                              Respectfully submitted,

By:    */s/ David Michael Stuart Jenkins*
          David Michael Stuart Jenkins, Esq.
          DONIGER / BURROUGHS
          For the Plaintiff